■ In the Matter of TATYANA SVERDLIN et al., Appellants, v CITY OF NEW YORK, Respondent. [645 NYS2d 843] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal (1) from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 1, 1995, which denied the application, and (2) from an order of the same court dated October 4, 1995, which denied their motion to reargue.

Ordered that the appeal from the order dated October 4, 1995, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 1, 1995, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The determination as to whether to grant leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) is a question committed to the sound discretion of the trial court (*see, Matter of Plantin v New York City Hous. Auth.*, 203 AD2d 579). While all relevant factors should be considered, the key factors in determining whether leave to serve a late notice of claim should be granted are whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after its accrual, or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see, Matter of Buddenhagen v Town of Brookhaven*, 212 AD2d 605).

The vague and unsubstantiated allegations that the lateness was due to the injured petitioner's physical disability and her inability to speak English were conclusory in nature and inadequate. An inability to speak English does not constitute a reasonable excuse for a delay in filing the notice of claim (*Ribeiro v Town of N. Hempstead*, 200 AD2d 730). Furthermore the petitioners' submissions do not reveal that the injured petitioner was so incapacitated as to prevent them from timely consulting an attorney.

Additionally, the petitioners failed to demonstrate that the City of New York acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter. Personal service of the notice of motion with the petition and proposed notice of claim was made upon the office of the Corporation Counsel approximately two months after the expiration of the statutory filing period (*see,* General Municipal Law § 50-e [3]). Under the circumstances of this case, this delay clearly prejudiced the City.

Thus, the Supreme Court properly exercised its discretion in denying the application. O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.